United States District Court
Southern District of Texas
**ENTERED**
June 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUDREY L. KIMNER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-3018 |
| | § | |
| CAPITAL TITLE OF TEXAS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Audrey L. Kimner ("Kimner"), who is proceeding *pro se* and *in forma pauperis*, has sued 13 defendants. (Dkt. 1 at pp. 2–3). The Court gave Kimner leave to amend her complaint, and she did. (Dkt. 39; Dkt. 43). Even after giving Kimner's pleadings an appropriately liberal construction, the Court has determined that Kimner has failed to state a claim against any defendant on which relief may be granted. Moreover, judicially noticeable court records and opinions indicate that the claims against 12 of the 13 named defendants are barred by collateral estoppel. Those judicially noticeable records further indicate that this is the third time that Kimner has attempted to sue most of these defendants and the second time that she has tried to sue the others.

Kimner's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") for failure to state a claim on which relief may be granted.

All pending motions in this case are **DENIED as moot**.

## BACKGROUND

Kimner originally sued Defendants JEM Advisory Group, LLC ("JEM"); Donald McClain ("McClain"); Michael Tapp ("Tapp"); Ceasons Holdings, LLC ("Ceasons"); Capital Title of Texas, LLC ("Capital"); Nicole Baker ("Baker"); Tanglewood Condominium Owners Association, Inc. ("Tanglewood"); and FirstService Residential Houston, Inc. ("FirstService") in Texas state court. *See* docket for case number 2017-52170 in the District Court for the 334th Judicial District of Harris County, Texas. Kimner alleged that the defendants played various roles in shortchanging her on a real estate deal in which she was supposed to make $400,000.00 on the sale of her condominium but only made $192,000.00. *See* docket for case number 2017-52170 in the District Court for the 334th Judicial District of Harris County, Texas, Plaintiff's ninth amended original petition.

Poissant represented Kimner in the state court lawsuit but withdrew from the case to run for judicial office and now sits on the Court of Appeals for the Fourteenth District of Texas. *See* docket for case number 2017-52170 in the District Court for the 334th Judicial District of Harris County, Texas, motion to withdraw and order granting withdrawal. Kimner continued to pursue the state court suit *pro se*. The Texas state court granted motions for summary judgment filed by Ceasons, Capital, Baker, Tanglewood, and FirstService and then severed Kimner's claims against those defendants to finalize the judgments. *See* dockets for case numbers 2017-52170, 2017-52170-A, and 2017-52170-B in the District Court for the 334th Judicial District of Harris County, Texas. Kimner then voluntarily dismissed her claims against JEM, McClain, and Tapp. *See* docket for case number 2017-52170 in the District Court for the 334th Judicial District of Harris County,

Texas, order of dismissal.

Ten days later, Kimner named the defendants from the Texas state court case in another lawsuit that she filed *pro se* in the United States District Court for the Northern District of California. *See* Northern District of California case number 5:19-CV-7576 at docket entry 1. In her California suit, Kimner also sued Defendant Bill Shaddock ("Shaddock"), Capital's Chief Executive Officer; Kevin Long ("Long"), who represented Capital and Baker in the Texas state court case; Bradford Irelan ("Irelan"), who represented Ceasons in the Texas state court case; Sarah Vida ("Vida"), who represented Tanglewood and FirstService in the Texas state court case; and Poissant, who was Kimner's own lawyer in the Texas state court case. *See* Northern District of California case number 5:19-CV-7576 at docket entry 1.

The Northern District of California dismissed Kimner's claims against every defendant but Poissant on the basis that those claims were barred under the *Rooker-Feldman* doctrine, which "directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (cited by the Northern District of California in Kimner's case) ("The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal."). *See* Northern District of California case number 5:19-CV-7576 at docket entries 5, 13, 16. In its discussion of the *Rooker-Feldman* doctrine, the Northern District of California noted that Kimner sought relief that would effectively reverse the Texas state court's decisions and that Kimner's civil cover sheet

even explicitly indicated that the California federal lawsuit was intended to be a "removal" of her Texas state court lawsuit. *See* Northern District of California case number 5:19-CV-7576 at docket entry 5, pages 2–3. As for Kimner's claims against Poissant, the California court concluded that Kimner had not established that it could exercise personal jurisdiction over Poissant. *See* Northern District of California case number 5:19-CV-7576 at docket entries 5, 13, 16. The Ninth Circuit affirmed the Northern District of California's judgment in a brief unpublished opinion, and the United States Supreme Court denied Kimner's petition for a writ of certiorari. *See* Northern District of California case number 5:19-CV-7576 at docket entries 25, 28.

Kimner filed this lawsuit about a year after the Supreme Court denied her request for review of her California lawsuit. (Dkt. 1). Because Kimner's original complaint was very difficult to understand, the Court gave her leave to amend her complaint, and she did. (Dkt. 39; Dkt. 43). All of the defendants have moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). Having considered the parties' briefs and Kimner's pleadings and taken judicial notice of the related proceedings in Texas state court and the Northern District of California,[1] the Court will now dismiss Kimner's claims under Section 1915.

## LEGAL STANDARDS

---

[1] The Court may take judicial notice of the judicial actions of other courts. *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004). The Court particularly notes that it has taken judicial notice that the Northern District of California dismissed almost all of Kimner's claims in Northern District of California case number 5:19-CV-7576 under the *Rooker-Feldman* doctrine, that the Ninth Circuit affirmed that dismissal, and that the Supreme Court denied review. *See Colonial Leasing Co. of New England, Inc. v. Logistics Control Group International*, 762 F.2d 454, 459 (5th Cir. 1985) ("The judicial act itself was not a fact 'subject to reasonable dispute' since Oregon court records constitute 'a source whose accuracy cannot reasonably be questioned.'").

Under Section 1915, a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015).

When determining whether an *in forma pauperis* complaint states a claim on which relief may be granted, the district court must determine whether the complaint's allegations satisfy the federal pleading standard imposed by Federal Rule of Civil Procedure 8. *Newsome*, 301 F.3d at 231; *see also Callins v. Napolitano*, 425 Fed. App'x 366 (5th Cir. 2011). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Additionally, allegations of fraud must be pled with particularity under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 9(b) "supplements" Rule 8 and requires a plaintiff who is pleading fraud to allege "the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *IAS Services Group, L.L.C. v. Jim Buckley & Associates, Inc.*, 900 F.3d 640, 647 (5th Cir. 2018) (quotation marks and brackets omitted). Rule 9 allows conditions of the mind, such as scienter, malice, intent, or knowledge, to be averred generally; but "case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). "To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Id.* Rule 9(b)'s "ultimate meaning is context-specific[,]" but at bottom it is intended to "provide defendants with fair notice of the plaintiffs' claims, protect defendants from harm to their reputation and goodwill, reduce the number of strike suits, and prevent plaintiffs from filing baseless claims and then attempting to discover unknown wrongs." *IAS Services Group*, 900 F.3d at 647 (quotation marks and brackets omitted). "State law fraud claims are subject to the heightened pleading requirements of Rule 9(b)." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010).

## ANALYSIS

The Court concludes that Kimner's claims are subject to dismissal under Section 1915. As previously noted, the Court gave Kimner leave to amend her original complaint,

as the original complaint was very difficult to understand. Unfortunately, the amended complaint provides little help.

### —*Failure to state a claim*

First, the amended complaint does not specify what Kimner's claims are, even though Kimner had notice that she needed to do so. Kimner submitted her original complaint on a *pro se* complaint form promulgated by the United States Courts and available at https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case. The complaint form that Kimner filled out specifically instructs *pro se* litigants to, "[i]f more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph." (Dkt. 1 at p. 5). Kimner did not comply with this directive in either her original or her amended complaint; and the facts recited by Kimner, while copious, do not clarify the nature of her claims against any of the 13 named defendants. Kimner's pleadings discuss the condominium sale that formed the basis of her Texas state court lawsuit and California federal lawsuit and refers to that sale as a "fraud closing[,]" but the discussion of the sale is incomprehensible and it is impossible to determine which Defendant Kimner is suing or under what theory she is suing them. (Dkt. 43 at pp. 12–15). Assuming that the primary theory of liability against most of the defendants is fraud, the pleadings fail to set forth who said what to whom, when they said it, where they said it, why they said it, or why it was false. *See Sullivan*, 600 F.3d at 551 ("To plead fraud adequately, the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (quotation marks omitted). And assuming that the primary

theory of liability against Poissant is legal malpractice, the pleadings fail to set forth any facts showing either that Poissant's conduct fell below the standard of care or that Kimner would have obtained a more favorable result in the Texas state court lawsuit had Poissant conformed to the proper standard of care. *See Rogers v. Zanetti*, 518 S.W.3d 394, 400–01 (Tex. 2017) ("When a legal-malpractice case arises from prior litigation, the plaintiff must prove that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care.").

Furthermore Kimner's frequent inclusion of facts in the pleadings that seem to be unrelated to the named defendants makes it even more difficult for the Court to understand the nature of her claims and specifics. For instance, here is one excerpt from a lengthy discussion of Kimner's divorce:

> pipelines. The plaintiff allowed the ex husband to take care of our investments because Michael J. Kimner was in the business, but the plaintiff deposited all of our checks and took care of our family day to day finances. After so much wealth was acquired, the plaintiffs ex husband took a bad path and his demeanor changed concerning our family and associates. The ex-husband moved our family to Charleston, South Carolina in attempts to isolate the plaintiff from family and friends, as the plaintiff was extremely close to family and was very social. The plaintiff was controlled for nine years, along with our children who were groomed by their father. Michael J. Kimner told the plaintiff that " he was going to set his children up financially and kill himself". Three weeks later Michael J. Kimner came home in a drug rage and tried to bust the plaintiffs teeth out with a five pound home theater remote in front of our two children and then barricaded us three inside our home, so the plaintiff was forced to call 911. Michael J. Kimner was arrested for assault and was placed under a no contact order by a criminal judge not to return to our home, forced to attend anger management and drug and alcohol counseling at The Medical University of South Carolina.

Dkt. 43 at p. 2.

      Michael Kimner is not named as a defendant anywhere in Kimner's pleadings, and it does not appear that he had anything to do with the sale of the condominium. The relevance of these facts is left completely unclear.

      Even when giving Kimner's pleadings an appropriately liberal construction, the Court cannot discern a viable claim or identify a clear statement showing Kimner's entitlement to any relief. Kimner's pleadings do not meet the Rule 8 pleading standard, much less the heightened Rule 9(b) pleading standard for fraud claims.

*—Collateral estoppel*

Kimner's claims against 12 of the 13 named defendants are also barred by the doctrine of collateral estoppel.

Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 572 (5th Cir. 2005). Some Fifth Circuit precedent also states that a district court must consider whether any special circumstances render application of the collateral estoppel doctrine "inappropriate or unfair." *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994). If a prior dismissal was for lack of subject matter jurisdiction, then the findings necessary to make that jurisdictional determination have collateral estoppel effect in subsequent actions. *See Falcon v. Transportes Aeros De Coahuila, S.A.*, 169 F.3d 309, 312–13 (5th Cir. 1999); *see also Cade v. Henderson*, No. A:01-943, 2001 WL 1012251, at *3–4 (E.D. La. Aug. 31, 2001). Dismissal under the *Rooker-Feldman* doctrine is a dismissal for lack of subject matter jurisdiction. *Uresti v. Berchelmann*, 545 Fed. App'x 271, 273 (5th Cir. 2013); *see also Weekly v. Morrow*, 204 F.3d 613, 615–16 (5th Cir. 2000).

As discussed above, the Northern District of California dismissed Kimner's claims against all of the defendants except Poissant on the basis that those claims constituted an impermissible collateral attack on a state court judgment that was barred by the *Rooker-Feldman* doctrine. The Ninth Circuit affirmed that judgment, and the Supreme Court

denied review. Here, it is evident from Kimner's pleadings that she is trying to relitigate the California dismissal; two of the attachments to her amended complaint are a copy of the first page of the Ninth Circuit opinion and a copy of a document that she filed with the Ninth Circuit during the appeal, and her original complaint expressly says that the Northern District of California and the Ninth Circuit "ruled in error that this was a Texas state case" and that she seeks "to reopen the case in the United States Supreme Court or Federal Court for remedy." (Dkt. 1 at pp. 9–10; Dkt. 43 at pp. 24–25, 29). The Court sees no special circumstances that would render application of the collateral estoppel doctrine inappropriate or unfair. Under these circumstances, the Northern District of California's dismissal under the *Rooker-Feldman* doctrine has collateral estoppel effect in this case. [2]

## CONCLUSION

Plaintiff Audrey L. Kimner's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915 for failure to state a claim on which relief may be granted

All pending motions in this case are **DENIED as moot**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas on June 15 2023.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

When an in forma pauperis plaintiff's claims are barred by collateral estoppel, the district court may also dismiss them as frivolous under Section 1915. See Lewis v. Green, 101 Fed. App'x 446, 2004 WL 1399202, at *1 (5th Cir. June 22, 2004).[2]